FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 26 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RODNEY CHARLES JONES,

                Plaintiff,

    -against-

ARMOR CORRECTIONAL HEALTH, INC.,
NASSAU COUNTY CORRECTIONAL FACILITY,
COUNTY OF NASSAU,

                Defendants.
----------------------------------------------------------------X

ORDER
14-CV-1052 (JFB)(AKT)

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Rodney Charles Jones ("plaintiff") filed an *in forma pauperis* civil rights complaint against Armor Correctional Health, Inc. ("Armor"), the Nassau County Correctional Facility ("NCCF"), and the County of Nassau (the "County") on February 12, 2014. On April 11, 2014, Magistrate Judge Tomlinson issued an order directing plaintiff to file a written narrative statement of the facts by May 23, 2014, and scheduling a telephone status conference for July 7, 2014. In the meantime, Armor filed a letter requesting a pre-motion conference in anticipation of moving to dismiss on April 29, 2014. The Court waived the pre-motion requirement and set the following briefing schedule for Armor's motion: Armor's motion was due by May 30, 2014; plaintiff's opposition was due by June 30, 2014; and Armor's reply was due by July 14, 2014. Armor timely filed its motion on May 28, 2014.

After being informed that plaintiff had been discharged from the NCCC, Magistrate Judge Tomlinson issued an order dated June 11, 2014, converting the telephone status conference to an in-person status conference. Defense counsel served a copy of this order on plaintiff at his last known address upon discharge.

Defendants filed their narrative statements on June 19 and June 20, 2014. Plaintiff failed to file a narrative statement, failed to submit an opposition to Armor's motion to dismiss, and failed to appear at the July 7, 2014 conference. Accordingly, on July 7, 2014, Magistrate Judge Tomlinson directed plaintiff to appear in-person on July 23, 2014, to show cause as to why this case should not be dismissed for his failure to comply with the Court's prior orders. Defense counsel served a copy of this order on plaintiff at his last known address upon discharge.

Plaintiff failed to appear for the July 23, 2014 conference. Consequently, Magistrate Judge Tomlinson issued a Civil Conference Minute Order ("CCMO") indicating her intention to prepare a Report and Recommendation to the undersigned recommending that this case be dismissed for failure to prosecute. Defense counsel served the CCMO upon plaintiff. Plaintiff has still not communicated in any way to the Court.

Before the Court is a Report and Recommendation dated August 11, 2014, from Magistrate Judge Tomlinson (the "R&R"), recommending that the Court dismiss this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because plaintiff has failed to comply with numerous orders and failed to prosecute his case. The R&R instructed plaintiff to submit any objection within fourteen days and directed defense counsel to serve a copy of the R&R upon plaintiff. Defense counsel did so by overnight mail on August 12, 2014. Plaintiff has not filed any objection, and the time for filing objections has expired. For the following reasons, the Court adopts the R&R and dismisses the instant action pursuant to Rule 41(b).

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific, written objection" is made, the Court may accept the findings contained therein,

as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."); *see also Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2d Cir. 1943) (citing *Blake v. De Vilbiss Co.*, 118 F.2d 346 (6th Cir. 1941)); *Refior v. Lansing Drop Forge Co.*, 124 F.2d 440, 444 (6th Cir. 1942) ("The cited rule [41(b)] enunciates a wellsettled [sic] concept of practice that a court of equity, in the exercise of sound judicial discretion, has general authority . . . to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing

3

>its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g., Lucas*, 84 F.3d at 535; *Jackson v. City of New York*, 22 F.3d 71, 74–76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart*, 992 F.2d at 461 ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge . . . , [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'" (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981))).

Here, plaintiff has repeatedly, over the course of several months, refused to respond to the Court's orders. He did not appear at any scheduling conferences and has failed to communicate with the Court or with defendants' counsel. Furthermore, plaintiff did not appear at the order to show cause hearing scheduled for July 23, 2014, has not opposed Armor's motion to dismiss, and has not otherwise attempted to prosecute this action since filing it on February 12, 2014. Moreover, over two weeks have passed since plaintiff was advised to file objections to Magistrate Judge Tomlinson's R&R, and plaintiff was advised in the R&R that his failure to file objections would waive the right to appeal the dismissal. Despite that warning, plaintiff filed no objection. Thus, plaintiff has shown no interest in continuing with this action. Under these circumstances, no sanction less than dismissal will alleviate the prejudice to defendants of continuing to keep this action open. Moreover, the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. For these reasons, all of the above-referenced factors favor dismissal of the instant case with prejudice.

Thus, having conducted a review of the full record and the applicable law, and having reviewed the R&R for clear error,[1] the Court adopts the findings and recommendations contained in the R&R in their entirety and dismisses this action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

JOSEPH F. BIANCO
United States District Judge

Dated:   August 26, 2014
         Central Islip, New York

---

[1] Even reviewing the R&R *de novo*, the Court would reach the same conclusion.

5